**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JP WASHINGTON,            ) | |
| ID # 1163427,                     ) | |
|         Petitioner,               ) | |
| vs.                                     ) | No. 3:13-CV-3181-K (BH) |
|                                          ) | |
| WILLIAM STEPHENS, Director,  ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal   ) | |
| Justice, Correctional Institutions Division,  ) | |
|         Respondent.            ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, this case should be transferred to the Fifth Circuit as a successive petition.

**I.  BACKGROUND**

JP Washington (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his 2003 Dallas County conviction for possession of a controlled substance. (*See* Petition (Pet.) at 2; *see also* www.tdcj.state.tx.us, search for petitioner). The respondent is William Stephens, Director of TDCJ-CID.

Petitioner pled not guilty in Cause No. F02-53827 in the 363rd Judicial District Court of Dallas County, Texas, was tried before a jury, and was found guilty and sentenced to 35 years imprisonment on March 28, 2003. (Pet. at 2-3; *see also* www.tdcj.state.tx.us, search for petitioner). His conviction was affirmed on direct appeal. *Washington v. State*, No. 11-03-00153-CR, 2004 WL 212851 (Tex. App.–Eastland Feb. 5, 2004, pet. ref'd). Petitioner has filed four state writs challenging this conviction. The first was denied on its merits by the Texas Court of Criminal

Appeals. *See Ex parte Washington*, WR-53,266-02 (Tex. Crim. App. July 13, 2005). The other three state writs were dismissed as an abuse of the writ. *See Ex parte Washington*, WR-53,266-03 (Tex. Crim. App. April 11, 2007); *Ex parte Washington*, WR-53,266-04 (Tex. Crim. App. Feb. 15, 2012); *Ex parte Washington*, WR-53,266-06 (Tex. Crim. App. Jan. 9, 2013).

On September 28, 2005, Petitioner filed a federal habeas petition challenging this same conviction, and the petition was denied on its merits on March 22, 2007. *Washington v. Quarterman*, No. 3:05-CV-1932-N (N.D. Tex. March 22, 2007).

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple

§ 2254 petitions attacking a single judgment").[1] A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same conviction at issue in his previous federal petition that was denied on its merits. Under *Hardemon* and *Crone*, he was required to present all available claims in that federal petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction challenged in this case. Petitioner's federal petition is successive because it raises claims that were or could have been raised in his prior federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See*

---

[1] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

3

28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Petitioner contends that the legal basis for his claim was unavailable earlier. (Pet. at 9). However, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not authorized consideration of this successive application for habeas relief, this Court lacks jurisdiction over this action.

### III. RECOMMENDATION

The petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 9th day of September, 2013.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE